UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES JEFFREY BUCHANAN,<br><br>        Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>        Defendants. | Case No.  2:11-cv-00271-RCJ-GWF<br><br>**ORDER**<br><br>Motion to Compel (#33) |

        This matter comes before the Court on City Defendants' Motion to Compel Discovery Responses from Plaintiff (#33), filed on April 5, 2012; Plaintiff's Opposition to City Defendants' Motion to Compel (#35), filed on April 24, 2012; and City Defendants' Reply (#37), filed on May 4, 2012.

## BACKGROUND

        On January 10, 2012, the City Defendants served Plaintiff with interrogatories and requests for production of documents. Plaintiff answered the discovery requests on February 14, 2012. The City Defendants reviewed the responses and found that several of Plaintiff's answers to the interrogatories were deficient and all of the responses to the requests for production were improper as each response read "[a]lready provided in disclosures." The parties discussed the discovery responses at issue on February 16, 2012 prior to the commencement of Plaintiff's deposition and were unable to resolve the dispute. The City Defendants now bring this motion requesting the Court compel Plaintiff to properly respond to their requests for production of documents.

## DISCUSSION

        The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Rule 34(a) permits each party to serve the opposing party with document

requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action." Rule 26(b)(1).  Pursuant to Rule 34, a responding party must either object or respond to a request for production of documents within 30 days, unless some other time frame has been ordered by the court or agreed to by the parties.  In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B).  A "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also* Rule 34(b)(2).  An evasive or incomplete response must be treated as a failure to respond. Rule 37(a)(4).  Pursuant to Rule 37(a)(3)(B)(iv), a party may seek an order compelling discovery if the other party "fails to respond that inspection will be permitted-or fails to permit inspection—as requested under Rule 34."

While Plaintiff did respond to the requests for production, answering each request with "[a]lready provided in disclosures," without more, is improper.  Such a response is evasive or non-responsive within the meaning of Rule 37(a)(4).  *See USF Ins. Co. v. Smith's Food and Drug Center, Inc.,* 2011 WL 2457655, *3 (D. Nev. 2011) and *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (explaining that a party's boilerplate or generalized objection is "tantamount to not making an objection at all.")  Plaintiff, in his opposition, argues that this motion is moot because the City Defendants had an opportunity to depose the Plaintiff after the discovery responses were received and clarify any outstanding discovery issues at that time.  This argument is without merit.  Regardless of whether Plaintiff's deposition was taken, Plaintiff has an obligation to properly respond to all discovery requests served upon him.  Plaintiff must therefore supplement his responses to indicate which of the previously disclosed documents are responsive to each request for production.   Further, pursuant to Rule 37(a)(5), the Court will grant the City Defendants their reasonable attorney's fees incurred in bringing this motion. Accordingly,

**IT IS HEREBY ORDERED** that City Defendants' Motion to Compel Discovery Responses from Plaintiff (#33) is **granted**.  Plaintiff shall properly respond to each request for production no later than **May 30, 2012.**

**IT IS FURTHER ORDERED** that the City Defendants shall be awarded their reasonable attorney's fees and costs incurred in bringing this motion.

1) Counsel for City Defendants shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motions addressed in this order.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

(2) Plaintiff shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

(3) Counsel for City Defendants shall have 11 days from service of the responsive memorandum in which to file a reply.

DATED this 9th day of May, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge