# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES JEFFREY BUCHANAN,

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

        Defendants.

Case No. 2:11-cv-00271-RCJ-GWF

**ORDER**

This matter comes before the Court on City Defendants' Memorandum of Costs and Attorney's Fees (#43), filed on May 23, 2012; Plaintiff's Response (#46), filed on June 6, 2012; and City Defendants' Reply (#51), filed on June 14, 2012.

## BACKGROUND

On April 5, 2012, the City Defendants filed a Motion to Compel Discovery Responses from Plaintiff (#33), arguing that Plaintiff's response of "already provided in disclosure" is improper. On May 9, 2012, the Court entered an Order (#39) granting the City Defendants' motion. The Court found that Plaintiff's responses were improper, evasive and non-responsive within the meaning of Rule 37(a)(4). The Court further awarded the City Defendants their attorney's fees and costs associated with bringing their motion to compel. The City Defendants now submit this Memorandum, requesting reimbursement in the amount of $3,500 related to the Motion to Compel and reimbursement of $2,275 related to the filing of this instant Memorandum.

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96

n. 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee awards.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  *Id.*  Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained.  *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

The City Defendants request a total of $5,575 in fees associated with bringing the Motion to Compel (#33).  The City Defendants request reimbursement of attorney's fees at an hourly rate of $350.00 for the time of David Bailey, Esq.  Plaintiff however argues that the Court should award fees in the amount of $100 per hour, which is consistent with the court's finding in *Estate of Young through Young v. Holmes*, 134 F.R.D. 291 (D. Nev. 1991).  In response, the City Defendants argue that attorney rates have increased since 1991 and David Bailey has over 15 years experience as an attorney.  After reviewing the City Defendants' Memorandum and the affidavit of David Bailey, the Court finds that the City Defendants have offered sufficient evidence that the above hourly rate is reasonable.

David Bailey states that he worked a total of 10 hours preparing the Motion to Compel. The City Defendants' counsel claims 7.6 hours was spent preparing the motion, .4 hours reviewing the opposition and 2.0 hours spent preparing the reply.  The City Defendants also state that they are requesting only the time spent preparing the motion and are not requesting any of the time for pre-motion efforts, including communicating with Plaintiff in an attempt to resolve the dispute and meeting and conferring with Plaintiff's counsel.  Considering the totality of the circumstances, the Court finds that the 10 hours spent by David Bailey is a reasonable amount to prepare the Motion to

Compel (#33).

Plaintiffs also request reimbursement in the amount of $2,275 in fees incurred in reviewing the Court's Order and drafting this memorandum and reply.  The scope of the Court's Order (#39) however does not extend to City Defendants' fees associated with drafting this Memorandum.  The Court therefore will not grant City Defendants any fees associated with reviewing the Court's Order (#39) and preparing this Memorandum.  Based on the reasonable hourly rates discussed above, the Court will award attorney's fees to the City Defendants in the amount of $3,500.00.  The relevant factors are subsumed in this calculation of the reasonable attorneys' fees,  and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff is to pay the City Defendants the total sum of **$3,500.00**.  Plaintiff is further ordered to make full payment to City Defendants by **Wednesday, July 11, 2012.**

DATED this 20th day of June, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge