# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES JEFFREY BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-00271-RCJ-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LAS VEGAS METROPOLITAN POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

The Court conducted a hearing in this case on June 1, 2012 on Plaintiff's Motion for Order to Show Cause (#36). (*See* #45.) During the hearing, the Court addressed several discovery issues including the disclosure of the Internal Affairs Bureau (IAB) file. After arguments by the parties, the Court ordered Defendants to provide a copy of the IAB file to Plaintiff subject to a temporary protective order. (*Id.*) The Court also instructed Plaintiff to produce a copy of the IAB file to the Court for its review in determining whether the file should remain subject to a protective order. On June 5, 2012, Plaintiff provided a copy of the IAB file to the Court. On June 16, 2012, Plaintiff filed a Memorandum (#52), informing the Court that the Plaintiff disputes the completeness of the IAB file disclosed. The Memorandum (#52) further states that Plaintiff has no opposition to the continuation of the Court's temporary protective order pending further discovery into the completeness of the IAB file.

Fed. R. Civ. Pro. 26(b)(1) generally provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Here, Defendants are asserting that the information contained in the IAB file is protected by a common law official information privilege. Federal

common law recognizes a qualified privilege for official information. *Kerr v. U.S. Dist. Ct. for the Northern Dist.*, 511 F.2d 192, 198 (9th Cir.1975). "In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). The balancing test used in applying the official information privilege should be moderately pre-weighted in favor of disclosure based on the public policy that privileges should be narrowly construed. *Kelly v. City of San Jose*, 114 F.R.D. 653, 660-662 (N.D. Cal. 1987). The court in *Kelly* cited the non-exhaustive factors identified in *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973) that courts may consider in determining whether the competing interests favor disclosure or protection of the information:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

Kelly, 114 F.R.D. at 663.[1]

The *Frankenhauser* factors are generally applied in making the determination of whether the documents claimed under the official information privilege should be disclosed or protected. Because the IAB file has already been disclosed to Plaintiff, the Court will consider the

---

[1] *Kelly* also adopted a procedural framework to be used in applying the privilege. The government is first required to make a threshold showing for application of the privilege by submitting an affidavit from a high level supervisory or managerial officer setting forth the basis for the assertion of the privilege. If the court finds that an insufficient threshold showing has been made for application of the privilege, it will order the disclosure of the material. If the court concludes that the government has met the threshold requirement, only then will it conduct *in camera* review. Because the Court has already ordered disclosure of the IAB file subject to a protective order and is now only deciding whether that protective order should be lifted, a *Kelly* affidavit is not warranted.

1  *Frankenhauser* factors in the limited context of whether the IAB file should remain under a
2  protective order. The IAB file submitted to the Court contains the following documents: the
3  investigative report of complaint, employee notifications of internal investigations, the statement of
4  complaint and employee statements of Officer Southwell and Sandy Raschke.

5      Defendants argue that application of the above factors weigh in favor of the use of a
6  protective order. Defendants claim that during the internal affairs process, employees are
7  compelled to testify under the threat of termination and are not permitted to assert a Fifth
8  Amendment right regarding self-incrimination. Defendants therefore argue that full public
9  disclosure of the IAB file could have a "chilling effect" on future investigations, which would
10 hinder future LVMPD internal investigations. Defendants also maintain that the information
11 contained in the IAB file is not relevant to Plaintiff's claims because Plaintiff is alleging a violation
12 of his Constitutional rights by not disclosing exculpatory *Brady* material in Plaintiff's criminal
13 reckless driving case, abuse of process, malicious prosecution, intentional and negligent infliction
14 of emotional distress and civil conspiracy.

15     Plaintiff however claims that information in the file is relevant and should be disclosed
16 without a protective order. In arguing for full disclosure, Plaintiff merely states that "a protective
17 order would not promote any legitimate governmental or law enforcement interest." (*See* Reply
18 (#42) at 4.)

19     In *Soto v. City of Concord*, the plaintiff brought a civil rights action under 42 U.S.C. § 1983
20 for the alleged use of excessive force by police officers while arresting him at his home. 162 F.R.D.
21 at 608–09. The plaintiff sought the production of police department internal affairs records,
22 including the officer-defendants' personnel files and citizen complaints. *Id.* at 609. The responding
23 parties asserted that disclosure of internal affairs documents, including statements by police officers
24 and witnesses, would discourage "frank discussions" for use in developing new or modified
25 policies and procedures related to the defendants' internal affairs investigative system. *Id.* at 614.
26 The court found that defendants failed to meet the threshold requirements for invoking the official
27 information privilege partly because "a general assertion that a police department's internal
28 investigatory system would be harmed by disclosure of the documents is insufficient to meet the

threshold test for invoking the official information privilege." *Id.* at 613–14. (internal quotation marks omitted).  The Court explained that "[t]he use of a carefully drafted protective order, under which only Plaintiff and his lawyer have access to the material, substantially reduces the confidentiality interests asserted by Defendants." *Id.* (citations omitted).  Since the defendants had "not met their burden for invoking the official information privilege," the court ordered that the defendants produce the requested documents subject to a protective order. *Id.*; *see also Chism v. County of San Bernardino*, 159 F.R.D. 531, 535 (C.D.Cal.1994) (endorsing use of protective order to keep internal use-of-force tactics secret); *Hampton v. City of San Diego*, 147 F.R.D. 227, 231 (S.D. Cal.1993) (endorsing use of protective order to protect privacy interests of police officers); *Miller v. Pancucci*, 141 F.R.D. 292, 301 (C.D. Cal.1992) (encouraging the use of well tailored protective orders in discovery of police files).

The Court recognizes that police internal affairs documents are confidential in nature.  *See generally United States v. Doe*, 434 F.Supp. 2d 377, 379 (E.D. Va. 2006).   Here, the protective order proposed by Defendants authorizes the use of the disclosed information "for the limited purposes of prosecuting, defending, attempting to settle, or settling this action." (*See* Response (#40) Exhibit N.)  The Court is not inclined to enter the proposed protective order submitted by Defendants as Plaintiff has not had an opportunity to challenge the specific provisions contained therein.  The Court however finds that allowing the IAB file to be used only for the purposes of this case gives Plaintiff access to the IAB file for his use while limiting any harm that full public disclosure of the IAB file may cause.  The Court therefore finds that a protective order governing disclosure of the IAB file is necessary to address the confidentiality interests asserted by Defendants.  Accordingly,

**IT IS HEREBY ORDERED** that the IAB file previously disclosed and any supplement to that file shall remain subject to the following conditions:

    1)    The IAB file shall be used solely for the limited purpose of prosecuting, defending, attempting to settle, or settling this action;

    2)    The IAB file shall not be disclosed to any third party other than those assisting with the prosecution or defense of this action; and

4

3)   In the event any portion of the IAB file is filed with the Court in connection with any non-dispositive motion, those portions of the IAB file shall be filed under seal.

DATED this 19th day of June, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge