UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES JEFFREY BUCHANAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LAS VEGAS METROPOLITAN POLICE ) <br> DEPARTMENT, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:11-cv-00271-RCJ-GWF <br><br> **ORDER** <br><br> Motion to Toll Payment of Fees <br> and Costs, Compel Discovery and <br> to Unseal IAB File  (#55) |

This matter comes before the Court on Plaintiff's Motion to Toll Payment of Fees and Costs, to Compel Discovery and to Unseal IAB FIle (#55), filed on July 11, 2012; City Defendants' Response (#56), filed on July 18, 2012; and the LVMPD Defendants' Opposition (#57), filed on July 27, 2012.

**I.    Toll Payment of Fees and Cost**

On June 20, 2012, the Court ordered Plaintiff to pay the City Defendant the sum total of $3,500 in attorney's fees based on Plaintiff's improper, evasive and non-responsive discovery responses. *See* Order (#53). The Court ordered payment to the City Defendants by July 11, 2012. On the day payment was due, Plaintiff filed this instant motion requesting the Court toll the payment of the fee award until after the close of this case. Plaintiff argues that it is unreasonable to require payment of fees while Plaintiff continues to seek discovery from the LVMPD Defendants. In response, the City Defendants argue that Plaintiff has failed to offer a valid reason for tolling the payment of fees because the discovery dispute with the LVMPD Defendants is irrelevant to Plaintiff's obligations to the City Defendants.  The City Defendants further request attorney's fees in the amount of $1,225 for the time incurred in having to respond to Plaintiff's motion.

. . .

Upon review, the Court finds that Plaintiff has failed to offer any justification for tolling the payment of fees. If Plaintiff would have alleged his inability to pay the fee award, the Court would have considered establishing a structured payment plan based on Plaintiff's financial resources. However, Plaintiff's offered justification for tolling payment – the discovery dispute with the LVMPD Defendants – has no relevance to Plaintiff's obligation to pay the City Defendants. The Court further notes that Plaintiff waited until the day payment was due to file this instant motion. The Court finds Plaintiff's motion is untimely, without merit and brought for the purpose of delaying payment of fees. The Court will therefore award the City Defendants their reasonable attorney's fees in the amount of $1,225 ($350/hour x 3 hours) for having to oppose this motion.

## II.   Compel Discovery

Plaintiff further requests the Court compel further discovery from the LVMPD Defendants. Plaintiff asserts that the IAB file disclosed is incomplete because certain documents reference further action, the Bates stamp numbering is not sequential, there are audio files missing and there is nothing in the material reflecting a conversation between internal affairs and Defendant Raschke from the night of the incident. In response, the LVMPD Defendants maintain that all discovery regarding the IAB investigation has been disclosed and the IAB file in Plaintiff's possession is complete. The Court has no reason to doubt the LVMPD Defendants' representations that all discovery regarding the IAB investigation has been disclosed. The LVMPD Defendants' responses to Plaintiff's concerns regarding discovery appear reasonable and satisfy the Court that the LVMPD Defendants have met their discovery obligations. The Court will therefore deny Plaintiff's motion to compel discovery.

## III.   Unseal IAB File

Plaintiff further requests the Court unseal the IAB file. On June 20, 2012, the Court entered an Order (#54), finding that a protective order governing the IAB file was necessary to protect its confidential nature. Plaintiff now "seeks to address the issues which the Court has left open" and requests the IAB file be unsealed to allow Plaintiff to disclose the contents of the file to appropriate state agencies. Contrary to the Plaintiff's assertion, the Court did not leave any issues open regarding the protective order governing the IAB file. The Court found a protective order was

necessary after both parties had an opportunity to fully brief the issue.  As the LVMPD Defendants point out, if Plaintiff wishes to report possible criminal conduct to the appropriate agency, Plaintiff can file a complaint and the agency can then subpoena the IAB file directly from the LVMPD.  The Court therefore finds no reason to change its previous order concerning the IAB file.  Accordingly,

   **IT IS HEREBY ORDERED** that Plaintiff's Motion to Toll Payment of Fees and Costs, to Compel Discovery and Unseal the IAB File (#55) is **denied**.

   **IT IS FURTHER ORDERED** that Plaintiff shall pay the City Defendants' reasonable attorney's fees of **$1,225** incurred in having to respond to this motion.

   **IT IS FURTHER ORDERED** that Plaintiff is to make payment in the sum of **$4,725** no later than **Monday, August 27, 2012.** [1]

   DATED this 15th day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] Payment of $4,725 includes the Court's previous award of $3,500 in fees (*see* # 53) and the additional award of the City Defendants' attorney's fees in the amount of $1,225 for having to oppose this motion.