# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES JEFFREY BUCHANAN, ) | |
| Plaintiff, ) | Case No. 2:11-cv-00271-RCJ-GWF |
| vs. ) | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE ) DEPARTMENT, *et al.*, ) | Motion to Reconsider (#101) |
| Defendants. ) | |

This matter comes before the Court on Mitchell Posin, Esq.'s Motion to Reconsider (#101), filed on April 1, 2013. Defendants filed a Response (#102) on April 9, 2013. Plaintiff filed a Response (#103) on April 18, 2013.

On May 9, 2012, the Court granted Defendants' Motion to Compel (#33). *See Order, Doc. #39*. Subsequently, the Court awarded Defendants their attorneys' fees for bringing the Motion (#33) in the amount of $3,500.00. *See June 20, 2013 Order, Doc. #53*. On the payment's due date, Plaintiff filed a Motion to Toll Payment (#55), which the Court denied. *See Order, Doc. #58*. The Court also awarded Defendants additional fees in the amount of $1,125.00 for opposing Plaintiff's Motion (#55). *Id.* Plaintiff then discharged Mr. Posin as his counsel in this case. *See Order, Doc. #71*. Plaintiff filed a pro-se Motion (#90) requesting that the attorneys' fees be levied on Mr. Posin instead of Plaintiff because the discovery responses were solely Mr. Posin's responsibility. At the February 14, 2013 hearing on the Motion (#90), Mr. Posin argued Plaintiff was solely responsible for the responses because, as an employee of Mr. Posin, Plaintiff was aware of the discovery requests. The Court granted the Motion (#90) in part and denied it in part by holding Plaintiff and Mr. Posin jointly and severally liable for payment of the fees. *See February 15, 2013 Order, Doc. #96*.

In their Response (#102) to the instant Motion, Defendants represent that Plaintiff timely paid half of the awarded fees. Defendants further represent that they gave Mr. Posin an extension to pay the outstanding amount, at which time Mr. Posin still did not pay. Mr. Posin now seeks reconsideration of the Court's Order (#96), and requests the Court to relieve him of any obligation to pay the fees.

Courts "possess the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *United States Aviation Underwriters v. Wesair, LLC*, 2010 WL 1462707, *2 (D. Nev. 2010) (citing *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

Here, Mr. Posin has not offered any new evidence, convinced the Court its previous ruling was in clear error, or offered any intervening change in law that would cause the Court to revisit its previous ruling. Rather, Mr. Posin attempts to raise issues the Court has already ruled upon by reiterating arguments he presented to the Court at the hearing on Plaintiff's Motion (#90). In his Response (#103) to the instant Motion, Plaintiff again asks the Court to levy the full amount of fees on Mr. Posin. Like Mr. Posin, however, Plaintiff raises no basis for the Court to revisit the Order (#96). The Court therefore finds no grounds to reconsider its Order (#96) Accordingly,

**IT IS HEREBY ORDERED** that Mitchell Posin, Esq.'s Motion for Magistrate Judge to Reconsider Order (#101) is **denied**

...

...

...

...

1     **IT IS FURTHER ORDERED** that Mr. Posin shall pay Defendants any outstanding
2 balance of the awarded attorneys' fees no later than 10 days after the date of this Order.
3     DATED this 7th day of May, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge